UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re:                                                                                    Chapter 11

MAXWELL JOSEPH BRUNER,                                      Case No. 16-30302-JCO

    Debtor.
_____/

### RESPONSE TO CREDITOR RITA RUCKEL BRUNER'S LIMITED MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR EXPEDITED HEARING
[Doc. 20]

COMES NOW, Debtor Maxwell Joseph Bruner ("**Debtor**"), by and through his undersigned attorneys, and responds to Creditor Rita Ruckel Bruner's *Limited Motion for Relief from Automatic Stay and Request for Expedited Hearing* [Doc. 20] ("**Motion**") as follows:

### Introduction

Creditor Rita Ruckel Bruner ("**Ruckel**") is the estranged spouse of the Debtor. By her Motion, Ruckel asks this Court to allow the Florida state family court ("**State Court**") to conduct further proceedings in a pending divorce action between the Debtor and Ruckel ("**Divorce Action**") pursuant to those two certain State Court's post-petition orders to show cause for indirect criminal contempt (together hereinafter referred to as the "**Orders**")[1] issued against the Debtor for his alleged pre-petition failure to comply with discovery orders issued by the State Court.

As an initial matter, the Orders are void and without effect as a matter of law. The Orders were entered post-petition by the State Court. It is firmly held in the Eleventh Circuit that

---

[1] Copies of the referenced post-petition Orders were purportedly attached to the Motion as Exhibits 1 and 2. However, the version of Exhibit 1 downloaded by the Debtor's counsel from CM-ECF was incomplete, with several blank pages. Thus, that Order has been re-attached here as Exhibit "A" and is incorporated herein by reference.

orders entered in violation of the automatic stay are void *ab initio*. The two Orders were entered post-petition and are therefore void and of no effect.

Ruckel asserts that Section 362(b)(1) of the Bankruptcy Code (excepting from the automatic stay the continuation of a criminal action or proceeding against the debtor) permits the contempt proceedings to proceed in State Court. Civil contempt proceedings are not exempt from the stay. Thus, in deciding whether to grant the Motion, this Court must determine whether the Orders and the proceedings to occur pursuant to the Orders are criminal or civil in nature. If they are civil in nature, this Court should deny stay relief.

For the reasons that follow, the Debtor submits that the subject Orders and proceedings to occur pursuant to same are civil in nature. Under Florida law, the stated purpose of a contempt sanction (in this case, indirect criminal contempt) is not determinative of its actual nature. A criminal contempt proceeding is one that is intended to vindicate the court's authority or to punish an intentional violation of a court order that is offensive to the public. A civil contempt proceeding, in contrast, is used to coerce an offending party into complying with a court order for the benefit of a complaining party. Though any sanction the State Court could ultimately impose upon the Debtor incidentally may also preserve its power and dignity, the precipitating motion/affidavits[2] filed with State Court seek to coerce compliance for the benefit of Ruckel and at her request. The Orders' purposes and the proceedings to be held pursuant to same are clearly civil in nature and subject to the automatic stay. The automatic stay and the "fresh start" afforded to a debtor is one of the most important tenants of the bankruptcy system and the most basic of protections afforded by the Bankruptcy Code. Ruckel is not entitled to stay relief.

---

[2] Copies of the referenced motion/affidavits were purportedly included in Exhibits 1 & 2 to the Motion as Exhibits to the relevant Orders. As outlined in footnote 1 above, the version of Exhibit 1 downloaded by the Debtor's counsel from CM-ECF was incomplete, with several blank pages (including the corresponding motion/affidavit). Thus, the motion/affidavit attached to that Order is included in Exhibit "A" hereto and is incorporated herein by reference.

**Discussion[3]**

The Orders were entered post-petition and are therefore void *ab initio*. "It is the law of this Circuit that '[a]ctions taken in violation of the automatic stay are void and without effect.' " *U.S. v. White,* 466 F.3d 1241, 1244 (11th Cir. 2006) (*quoting Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir. 1982)) (*citing Kalb v. Feuerstein,* 308 U.S. 433 (1940)). *See also In re Willford,* 294 Fed. Appx. 518, 521 (11th Cir. 2008) (same); *U.S. v. Klohn,* 2010 WL 1379961 at *1 n. 1 (M.D. Fla. March 31, 2010) (same); *In re Newgent Golf, Inc.,* 402 B.R. 424, 433 (Bankr. M.D. Fla. 2009) ("In the Eleventh Circuit, actions taken in violation of the automatic stay are void *ab initio* and therefore without effect."); *In re Fiddler's Creek, LLC*, No. 9:10-BK-03846-ALP, 2010 WL 6618876, at *11 (Bankr. M.D. Fla. Sept. 15, 2010).

The Debtor's bankruptcy petition was filed at 4:45 p.m. Central Standard Time on March 30, 2016. At 5:56 p.m. Central Standard Time on that same day, the Debtor's family law attorney filed a *Notice of Case Under Chapter 11 of United States Bankruptcy Code and Notice of Automatic Stay* in the Divorce Action. A true and correct copy of said Notice is attached hereto and incorporated herein by reference as Exhibit "B." Nearly twenty-four hours after the Debtor's bankruptcy filing, at 4:27 p.m. Eastern Standard Time on March 31, 2016, the Orders were received[4] and entered by the clerk of the State Court in the Divorce Action. *See* Ex. A; Ex. 2 to Mot. Thus, the Orders were entered in violation of the automatic stay and are void *ab initio*.

Alternatively, the Orders and the proceedings to be conducted pursuant to the Orders are civil in nature and therefore the automatic stay applies. The automatic stay does not bar "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C.

---

[3] Bruner reserves the right to supplement this Response with a memorandum of law.
[4] The Orders, on their face, were not received by the Clerk and entered on the State Court case docket until March 31, 2016. They purport to have been signed by the State Court judge on March 30th. It is the Debtor's position that the Orders had no effect in the Divorce Action until being entered by the Clerk and therefore are post-petition Orders.

§ 362(b)(1). Although the Bankruptcy Code does not define "criminal action or proceeding," courts have determined that the provision addresses an action or proceeding "to enforce criminal law. Criminal law is (a) a legislative enactment (b) applicable to at least a class (c) prohibiting specified conduct and (d) providing punishment by fine payable to, or imprisonment by, the state (e) upon the state's complaint." *In re Dervaes*, 81 B.R. 127, 129 (Bankr. S.D. Fla. 1987). Thus, truly criminal proceedings in state court are not stayed by the automatic stay. The automatic stay does apply, however, where a contempt order is civil in nature. *Id.* at 130. Thus, this distinction is crucial.

The stated purpose of a contempt sanction is not determinative of whether a contempt sanction is criminal or civil. *Parisi v. Broward County*, 769 So. 2d 359, 364 (Fla. 2000). That is because the label affixed to the court order does not change the nature and purpose of the contempt. *United States v. Haggerty*, 528 F. Supp. 1286, 1296 (D. Colo. 1981); *Int'l Union v. Bagwell*, 512 U.S. 821, 827, 114 S. Ct. 2552, 2557 (1994). When faced with a motion such as the Motion in this case, a bankruptcy court must discern the actual nature and purpose of the subject contempt sanction in order to determine whether it is criminal or civil, and whether the automatic stay should therefore apply.

Contempt is criminal if an unconditional punishment is imposed to punish, to vindicate the court's authority, and to deter an intentional violation that is offensive to the public of a court order. *See The Florida Bar v. Forrester*, 916 So. 2d 647, 651 (Fla. 2005); *Lewis v. Nical of Palm Beach, Inc.*, 959 So. 2d 745, 751-52 (Fla. 4th DCA 2007). Contempt is civil if its purpose is to coerce a party's action or nonaction for another party's benefit, and conditional imprisonment is imposed to compel a party to obey an order. *See Whitby v. Infinity Radio, Inc.*, 961 So. 2d 349, 356 (Fla. 4th DCA 2007). A civil contempt order typically includes a provision allowing the

offending party to purge the contempt through obedience. *Fisher v. State*, 248 So. 2d 479, 487 (Fla. 1971). Although the offending party's performance may be incidentally for the purpose of preserving the court's power and dignity, contempt for failing to perform a judicially commanded act is civil, not criminal. *Id*.

In *Dervaes*, a debtor moved to modify a state court pre-petition contempt order. *Dervaes*, 81 B.R. at 128. Under that contempt order, the debtor could purge himself completely by paying $20,000 to certain judgment creditors and by providing an accounting to them of past and future sales of specified corporate stock. *Id.* at 130. The state court referred the matter to the bankruptcy court, directing the debtor to seek a determination whether he may now pay $20,000 to purge his contempt while in bankruptcy. *Id.* at 128. In bankruptcy court, the judgment creditors and the debtor took opposing positions on the issue of whether the contempt order was stayed under § 362 and, therefore, whether the state court could order the debtor's imprisonment. *Id.* at 128.

Although the bankruptcy court left it to the state court to decide whether § 362 ultimately applied, it noted that the judgment creditors had not moved for stay relief and <u>that there was no basis for granting it</u>. *Id.* at 130. The bankruptcy court concluded that the contempt proceeding at issue was not criminal in nature, explaining that a contempt order "is a judicial act to enforce a judicial directive or preserve the court's dignity" and proceedings related thereto are distinguishable from a criminal action or proceeding on the following grounds:

- it typically does not involve the state as a party;
- it applies to a specific individual, not generally to a class;
- it involves no legislative determination; and
- its only resemblance to a criminal action is the possibility that a sanction (fine or imprisonment) may be imposed.

5

*Id.* at 129. The bankruptcy court therefore concluded that § 362 stayed the contempt order's enforcement. *Id.* at 130. *See also Rook v. Rook (In re Rook)*, 102 B.R. 490, 493 (Bankr. E.D. Va. 1989) (citing *In re Cherry*, 78 B.R. 65, 70 (Bankr. E.D. Pa. 1987)).

The *Dervaes* court also addressed the distinction between criminal contempt and civil contempt. Because the contempt order in that case allowed the debtor to purge himself by paying $20,000 to the judgment creditors and providing an accounting, the bankruptcy court found it to be coercive instead of punitive, even though the debtor's conduct may have justified punitive action as well. *Id*. The bankruptcy court rejected the judgment creditors' expansive reading of § 362(b)(1) that would conflict with the "fundamental precept that statutory exceptions like § 362(b) are construed strictly." *Id.* at 129.

Like the contempt order in *Dervaes*, the Orders in this case are civil in nature. *See* Mot., Exs. 1-2; Ex. A (collectively, "**Orders**"). Though the Orders include the words "indirect criminal contempt," such classification is not determinative. *Id*. *See also Parisi*, 769 So. 2d at 364. What <u>is</u> determinative is the actual language of the Orders and the precipitating motion/affidavits that prompted the Orders, specifically:

- The Orders do not unconditionally punish Mr. Bruner. They state only that "[p]unishment, <u>if imposed</u>, may include a fine and incarceration." *See* Orders, ¶ 4 (emphasis added).

- Despite their titles, the Orders acknowledge that criminal contempt sanctions may not be warranted at all, that the evidence presented at the contemplated hearing on the Orders may warrant civil contempt sanctions instead. *Id*. at ¶ 5.

- The Orders do not involve the State of Florida as a party – this is a dispute between two private parties.

- The Orders were precipitated by Ruckel's allegations that the Debtor failed to obey prior State Court discovery orders that unquestionably are civil in nature and purpose. *See* Mot., ¶ 8.

- The precipitating motion/affidavits filed by Ruckel request relief that is civil in nature - that the Debtor be ordered to comply with the Orders, that the Debtor pay fines and costs related to his alleged noncompliance, and that "all persons directing non-compliance with" the Orders be incarcerated (presumably to force compliance). *See* Ex. A, ¶¶ 11, 14, & 16; Ex. 2 to Mot., ¶¶ 25-26, 29 & 31.

Taken together with their exhibits, the Orders plainly demonstrate that Ruckel is attempting to invoke the State Court's power to force Mr. Bruner to provide discovery for her benefit in the Divorce Action. The contempt proceeding here is therefore civil, not criminal, in nature and subject to the automatic stay.

## **Conclusion**

The parties agree that the "extensive attachments" submitted by Ruckel with her Motion "should be carefully considered for purposes of ruling on the relief sought herein." *See* Mot., ¶ 7. When this Court does so, it will find that the Orders were plainly entered post-petition and are void *ab intitio*. The Court will also find that the Orders' purposes are civil in nature - to compel the Debtor's compliance for Ruckel's benefit and subject to conditional punishment if he does not (or to the extent he has not) complied. Because the Orders are void and/or civil in nature, the Court should deny stay relief.

*/s/ Jodi Daniel Cooke*
Jodi Daniel Cooke (FBN 052651)
Elena Paras Ketchum (FBN 0129267)
Stichter Riedel Blain & Postler, P.A.
41 N. Jefferson Street, Suite 111
Pensacola, Florida   32502
(850) 637-1836 – Phone - Pensacola
(813) 229-0144 – Phone - Tampa
(813) 229-1811 – Fax - Tampa
Email: jcooke@srbp.com
              eketchum@srbp.com

*Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Response to Creditor Rita Ruckel Bruner's Limited Motion for Relief from Automatic Stay and Request for Expedited Hearing* has been furnished on this 20th day of April, 2016, by direct electronic mail to:

- Jason H. Egan at jason.h.egan@usdoj.gov
- United States Trustee at USTPRegion21.TL.ECF@usdoj.gov
- Douglas A. Bates at dbates@clarkpartington.com; ldunlap@clarkpartington.com; jfulford@clarkpartington.com.

*/s/ Jodi Daniel Cooke*
Jodi Daniel Cooke (FBN 052651)